[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
On July 30, 1997, the plaintiff, John Martin, filed a complaint against the defendant, Peter O'Meara as Commissioner of the Department of Mental Retardation, seeking damages for alleged injuries caused by discrimination against him occurring in his work place. The plaintiff claims that he was discriminated against because of his sexual orientation.
On September 2, 1997, the defendant filed this timely motion to dismiss for lack of subject matter jurisdiction on the ground that the Connecticut Commission on Human Rights and Opportunities (CCHRO) never provided the plaintiff with a release to sue. Under General Statutes § 46a-101, a release to sue from the commission is a prerequisite to bringing an employment CT Page 9977 discrimination action.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject-matter. . . ." Internal quotation marks omitted.) Sandolski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995).
General Statutes § 46a-101 (a) states in relevant part: "No action may be brought in accordance with section 46a-100
unless the complainant has received a release from the commission in accordance with the provisions of this section. . . ." This court has previously stated that, pursuant to General Statutes § 46a-101(a): "[N]o action may be brought in the Superior Court unless the Commission releases the complaint in accordance with § 46a-82." Webb v. Ethan Allen Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147289 (Feb. 23, 1996, Karazin, J.). Therefore, without a release of the complaint by the CCHRO, this court is without jurisdiction to hear the case.
In the present case, it is undisputed that the plaintiff has failed to obtain a release from the CCHRO.[1] The plaintiff argues, however, that she timely sent a letter to the CCHRO requesting that the agency provide the requisite release. This letter, however, provided by the plaintiff, states that the plaintiff's counsel was "requesting a right to sue letter from the Equal Employment Opportunities Commission (EEOC)[,]" rather than the CCHRO. The plaintiff argues, citing the directory language in General Statutes § 46a-101 (c)[2], that since a request for the release was sent to the CCHRO, the CCHRO was required to provide the release. Since a release was never sent to the plaintiff, "the commission should now be estopped from basing their motion to dismiss on [the plaintiff's] lack of release." (Plaintiff's memorandum, pp. 7-8).
The plaintiff's arguments are unpersuasive. First, the CCHRO denies ever having received the letter that the plaintiff's counsel claims she sent. In response to the CCHRO's denial, the plaintiff failed to prove that such a letter was sent.
Second, even if a letter was sent as claimed by the plaintiff's counsel, the copy of this letter provided to the court by the plaintiff does not set forth a request for the CCHRO to provide the plaintiff with a release to sue. Instead, the letter informs the CCHRO that the plaintiff's counsel was CT Page 9978 "requesting a right to sue letter from the Equal Employment Opportunities Commission (EEOC)." The plaintiff argues that this was merely a typographical error, and the CCHRO should have known for what the plaintiff was asking. However, a reasonable reading by a representative of the CCHRO could have been that the plaintiff's counsel was simply informing the CCHRO of action she had taken in the parallel EEOC case. In any event, the letter, on its face, does not request a release from the CCHRO as demanded by 46a-101(c).
Since the plaintiff failed to obtain the requisite release to sue from the CCHRO, this court lacks subject matter jurisdiction over the present case. Therefore, the motion to dismiss is granted.
KARAZIN, J.